Baldwin, J.
This is a petition in error to reverse a refusal of the court of common pleas to dissolve a restraining order in a suit for an injunction. There is no bill of exceptions, nor does the certificate of journal entry show upon what the motion was heard. It was claimed in the motion that the petition was insufficient as not stating a cause of action.
The petition set forth (stated briefly) that the defendant Krinke, had caused to be issued on a dormant judgment against Parish an execution to the defendant Ryan, Sheriff, which had been levied on the homestead of Parish, which was .advertised and threatened to be sold thereunder on the 8th of June, 1894, this suit being brought on the 5th of the same *142 month. A restraining order was allowed. A motion to dissolve this was filed on the 7th of June, which was heai’d on the 22nd of June, 1894, (fourteen days after the day for sale), and the court of common pleas refused to dissolve the restraining order.
The case is not yet heard, but it is claimed the court erred in its decision, because there was ample remedy at law by a motion to have the execution re-called. Green v. Cartright, Wright’s Reports, 738. Sample v. Adm’r of Boss, 16 Ohio, 419. Miller v. Longacre, 26 Ohio St. 291.
There is no doubt that on motion the court may recall an execution improperly issued, but it does not follow that the court erred in this case.
A suit in injunction may also be sometimes sustained for similar relief. In fact, under the claim that the execution was erroneously issued, suit in injunction has been maintained in Miller v. Longacre, 26 Ohio St. 291; and indeed, in that case the judgment of the court below was reversed because it refused the injunction, and “erred in dismissing the said petition.”
In this case the petition was filed three days before the sale —late for the remedy by motion, and it does not state why remedy was so late sought; it does not state that the demand for the homestead was made and refused.
In the case just cited of Miller v. Longacre, 26 Ohio St. 291, the court said as to the remedy by motion, “that mode of procedure would doubtless have been the more appropriate ; but if it had been resorted to, it is most likely a restraining order would have been required to stay proceedings under the. execution until the motion could have b$en acted upon by the court. Jurisdiction in equity has been maintained to enjoin the enforcement by execution of a judgment which had been paid, notwithstanding the right of the complainant to proceed by motion in the court issuing the execution.” See also Darst v. Phillips, 41 Ohio St. 514.
The question before us is solely whether the court erred in *143 refusing to set aside the restraining order. The case is still pending, and as seen in 26 Ohio St., may result in a decree for the plaintiff; and as there said, if the remedy had been sought by motion, a restraining order would have been proper.
Smith & Blahe, for plaintiffs in error.
Thomas Robinson, for defendant in error.
The allowance of a restraining order has a wider range oí discretion than a final decree. We think the 'court did not err in refusing the motion, and the judgment of the court of common pleas is affirmed. '